IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DEREK TABOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:15-cv-2613-JDT-dkv |
| | ) | |
| SHELBY COUNTY CORRECTIONAL | ) | |
| CENTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE
AND
ORDER DIRECTING PLAINTIFF TO SUBMIT A SIGNED COMPLAINT
_____

On September 16, 2015, Plaintiff Derek Tabor, Tennessee Department of Correction prisoner number 169009, who is incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, see McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in

installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a certification by the prison trust account officer and a copy of his trust account statement for the last six months. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not signed, does not contain a current certification by the prison trust account officer and is not accompanied by a copy of Plaintiff's trust account statement. Plaintiff also neglected to sign his complaint. Accordingly, Plaintiff is ORDERED to submit, within thirty (30) days after the date of this order, either the entire $400 civil filing fee or a current signed *in forma pauperis* affidavit containing a certification by the trust account officer and a copy of his trust account statement for the last six months[1]. In addition, the Plaintiff is directed to submit an amended signed complaint. The Clerk is directed to provide Plaintiff with a copy of the 42 U.S.C. § 1983 civil rights complaint form and the prisoner affidavit form along with this order. If Plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997).

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if the Plaintiff is granted leave to proceed *in forma pauperis* in accordance with the PLRA, he will not be responsible for the additional $50 fee.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of only $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if the Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice, under Fed.R.Civ.P. 41(b), for failure to prosecute. McGore, 114 F.3d at 605.[2]

IT IS SO ORDERED.

                                                       s/James D. Todd
                                                     JAMES D. TODD
                                                     UNITED STATES DISTRICT JUDGE

---

[2] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. McGore, 114 F.3d at 607; see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).